DeGrado Law, LLC
Paul K. DeGrado, Esq. (019271996)
250 Moonachie Road, Suite 200
Moonachie, NJ 07074
Tel.: 201-678-9007
Fax: 201-678-2875

Attorneys for Plaintiff(s)

|  |  |
|---|---|
| LUZ A. ESPAILLAT | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY LAW DIVISION |
| Plaintiff, | Docket No. BER-L-3233-21 |
| v. |  |
| WILLIAM M. RITTER, CONTRACT<br>FREIGHTERS and JOHN DOE (1-10) a<br>person, corporation, sole proprietorship,<br>partnership, limited liability company,<br>and/or limited liability partnership whose<br>identity is presently unknown, jointly and<br>severally together with interest and costs<br>of suit. | **CIVIL ACTION** |
| Defendants, |  |

## SUMMONS

From The State of New Jersey, To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

DATED: May 26, 2021

Smith/s/
Michelle M. Smith
Clerk of the Superior Court

Name of Defendant to be Served:        Contract Freighters

Address of the Defendant to be Served:  PO Box 2547/4701 E 32nd
Joplin, MO  64803

BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK      NJ 07601-7680

                          TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 221-0700
COURT HOURS  8:30 AM - 4:30 PM

              DATE:   MAY 17, 2021
              RE:     ESPAILLAT LUZ  VS RITTER WILLIAM
              DOCKET: BER L -003233 21

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON ROBERT M. VINCI

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (201) 527-2600.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

                   ATTENTION:

                        ATT: PAUL DEGRADO
                        DEGRADO LAW, LLC
                        250 MOONACHIE RD
                        STE 200
                        MOONACHIE       NJ 07074

ECOURTS



Paul K. DeGrado, Esquire * †
T: (201) 678-9007
F: (201) 678-2875
E: pdegrado@degradolaw.com

* Board Certified Civil Trial Advocate by
  the National Board of Trial Advocacy

† Also Admitted in Florida, New York
  and the District of Columbia

May 17, 2021

Civil Division Intake
Bergen County Superior Court
10 Main Street
Hackensack, New Jersey 07601

**Re:     Luz Espaillat v. William Ritter, et al.**
        **Docket No.: BER-L-**

To Whom It May Concern:

Please be advised that this firm represents the Plaintiff, Luz Espaillat, in the above-referenced matter. Enclosed please find the following:

  0+1   COMPLAINT AND JURY DEMAND

  0+1   Civil Case Information Statement

Please be further advised that the above documents are being filed electronically via New Jersey eCourts. Thank you for your courtesies.

Very truly yours,

PAUL K. DeGRADO

Encl.

6735 Linford Lane
Jacksonville, FL 32217

250 Moonachie Road · Suite 200
Moonachie, New Jersey 07074
Ph: 201-678-9007

861 Manhattan Avenue · Suite 6
Brooklyn, NY 11222

*Kindly Respond to NJ Office*

DeGRADO LAW, LLC
PAUL K. DEGRADO, ESQ. (019271996)
250 MOONACHIE ROAD, SUITE 200
MOONACHIE, NEW JERSEY 07074
T: (201) 678-9007
F: (201) 678-2875
Attorneys for Plaintiff

| | |
|---|---|
| LUZ ESPAILLAT,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM RITTER, CONTRACT FREIGHTERS INC., JOHN DOES 1-10 (fictitious names representing presently unknown individuals), and ABC CORPS. 1-10 (fictitious names representing presently unknown legal entities),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>BERGEN COUNTY – LAW DIVISION<br><br>DOCKET NO.: BER-L-<br><br>CIVIL ACTION<br><br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiff, LUZ ESPAILLAT, by way of Complaint against the Defendants, WILLIAM

RITTER, CONTRACT FREIGHTERS INC., JOHN DOES 1-10 and ABC CORPS. 1-10, says:

## FIRST COUNT

1.      The Plaintiff, LUZ ESPAILLAT, resides in the Borough of Elmwood Park, County

of Bergen, State of New Jersey.

2.      Upon information and belief, the Defendant, WILLIAM RITTER, resides in the City

of Cartersville, County of Bartow, State of Georgia.

3.      Upon information and belief, the Defendant, CONTRACT FREIGHTERS INC., is an

entity with its principal place of business located in the City of Joplin, County of Jasper, State of

Missouri.

4.      Upon information and belief, the Defendants, JOHN DOES 1-10, said names being

fictitious, are individuals whose identities cannot be ascertained as of the filing of this Complaint, certain of whom owned or caused to be operated any motor vehicle that contributed, directly or indirectly, to the injuries sustained by the Plaintiff as a result of a motor vehicle accident which occurred on or about July 11, 2019, and are liable for damages claimed in this action.

5.       Upon information and belief, the Defendant, ABC CORPS. 1-10, said names being fictitious, are legal entities whose identities cannot be ascertained as of the filing of this Complaint, including, without limitation, corporations, partnerships, limited liability companies, limited liability partnerships and/or sole proprietorships, certain of whom owned or caused to be operated any motor vehicle that contributed, directly or indirectly, to the injuries sustained by the Plaintiff as a result of a motor vehicle accident which occurred on or about July 11, 2019, and are liable for damages claimed in this action.

6.       At all times mentioned herein, the Defendant, WILLIAM RITTER, was an employee, representative, agent and/or servant of the Co-Defendants, CONTRACT FREIGHTERS INC., JOHN DOES 1-10 and/or ABC CORPS. 1-10, performing his usual and customary job duties.

7.       On or about July 11, 2019, the Plaintiff, LUZ ESPAILLAT, was the operator of a motor vehicle that was traveling westbound on Passaic Street in the Borough of Wood-Ridge, County of Bergen, State of New Jersey.

8.       At the aforementioned time and place, the Defendant, WILLIAM RITTER, was the operator of tractor trailer owned by the Co-Defendant, CONTRACT FREIGHTERS INC., that was traveling in reverse in the westbound lane on Passaic Street in the Borough of Wood-Ridge, County of Bergen, State of New Jersey.

9.       At the aforementioned time and place, the Defendants, WILLIAM RITTER,

2

CONTRACT FREIGHTERS INC., JOHN DOES 1-10 and ABC CORPS. 1-10, failed to keep their respective motor vehicles and trailers under reasonable and proper control and so carelessly, recklessly and negligently operated and maintained their motor vehicles, among other things, by failing to obey traffic signals, signs, directions, and the rules of the road, failing to keep a proper look out, failing to stop, failing to yield the right of way, failing to maintain directional control, failing to maintain a reasonable distance between motor vehicles, speeding and being otherwise inattentive, so as to cause their respective motor vehicle(s) to violently collide with the Plaintiff's motor vehicle.

10.     As to all of his acts and omissions alleged herein, the Defendant, WILLIAM RITTER, was acting within the course and scope of his employment with the Co-Defendants, CONTRACT FREIGHTERS INC., JOHN DOES 1-10 and/or ABC CORPS. 1-10, and therefore those Co-Defendants are vicariously liable to the Plaintiff, LUZ ESPAILLAT, for her damages resulting from the subject motor vehicle accident pursuant to the doctrine of *respondeat superior*.

11.     At the aforementioned time and place, the Plaintiff, LUZ ESPAILLAT, in no way contributed to the happening and cause of the aforementioned accident in that she had the right of way as she traveled westbound on Passaic Street in the Borough of Wood-Ridge, County of Bergen, State of New Jersey.

12.     As a direct and proximate result of the negligent, grossly negligent, palpably unreasonable, careless and reckless acts and/or omissions of Defendants, WILLIAM RITTER, CONTRACT FREIGHTERS INC., JOHN DOES 1-10 and ABC CORPS. 1-10, the Plaintiff, LUZ ESPAILLAT was caused to suffer severe and permanent injuries, as more particularly defined and set forth in N.J.S.A. 39:6A-8a, and has suffered great pain, shock, and mental anguish and was, and still is, incapacitated and will be permanently disabled.

3

**WHEREFORE,** the Plaintiff, LUZ ESPAILLAT, demands judgment for damages against

the Defendants, WILLIAM RITTER, CONTRACT FREIGHTERS INC., JOHN DOES 1-10 and

ABC CORPS. 1-10, jointly and severally, together with interest and costs of suit.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Plaintiff hereby designates Paul K. DeGrado as trial counsel in this

action.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues herein.

## CERTIFICATION PURSUANT TO R. 1:38-7

I hereby certify that confidential personal identifiers have been redacted from documents now

submitted to the court, and will be redacted from all documents submitted in the future in accordance

with Rule 1:38-7(b).

By: _____

PAUL K. DeGRADO
Attorney for Plaintiff

Dated: 5/17/2021

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that the matter in controversy is not the subject of any other action pending in

4

any court nor of a pending arbitration proceeding and that no such action or arbitration is contemplated. I further certify that I am unaware of any other person who should be joined in this litigation whose identity I can currently ascertain. I certify that the foregoing statements made by me are true to the best of my information, knowledge and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _____

PAUL K. DeGRADO
Attorney for Plaintiff

Dated:   5/17/2021

Montclair
HUMC Mountainside
1 Bay Ave., Suite 1
Montclair, NJ 07042

Paramus
140 Route 17 North
Suite 255
Paramus, NJ 07652



Orthopaedics ▐ Sports Medicine

Belleville
36 Newark Avenue
Suite 300
Belleville, NJ 07109

Edison
561 US Highway 1 S
Edison, NJ 08817

(p) 201-490-4333
(f) 201-490-4334

**Joseph M. Bellapianta, MD, FAAOS**
Board Certified Orthopaedic Surgeon

November 12, 2020

DeGrado Halkovich, LLC
540 Hudson Street, 5th Floor
Hackensack, NJ 07601

**Re: Luz Espaillat Independent Medical Examination Narrative Report**
   **Date of Birth:**
   **Date of Accident: July 11, 2019**
   **Date of Examination: October 28, 2020**

To Whom It May Concern:

I am a Board Certified Orthopaedic Surgeon and I have been asked to evaluate and comment on the orthopaedic injuries sustained by your client, Ms. Luz Espaillat, as the result of the accident that occurred on July 11, 2019. I had the opportunity to evaluate and treat Ms. Espaillat on the following dates August 3, 2020; August 26, 2020; September 16, 2020; September 30, 2020; and October 28, 2020.

**HISTORY OF PRESENT ILLNESS:** Ms. Espaillat is a 68-year-old, right-hand dominant female who is here today for an evaluation of injuries sustained to her neck, bilateral shoulders, low back, and left knee as the result of the motor vehicle accident that occurred on July 11, 2019. Ms. Espaillat was the seat-belted driver of her vehicle that was stopped when a truck backed up into the front of her car, pushing her car backwards. She did not seek immediate medical treatment on the scene of the accident. Ms. Espaillat saw her chiropractor, Dr. Scott Bensky, a few days later. Ms. Espaillat was treating with Dr. Bensky for neck, bilateral trap, and low back pain related to a motor vehicle accident that occurred on April 17, 2019. Ms. Espaillat reports worsening of her pain in all of these areas following the second accident. She went for MRI's of the cervical and lumbar spines at Pinnacle MRI Group the day after the accident, on July 12, 2019.

Ms. Espaillat would continue chiropractic treatment with Dr. Bensky through December 13, 2019. She also treated with physical therapy for neck, low back, bilateral shoulder, and left knee pain at Saddle Brook Chiropractic & Physical Therapy from August 1, 2019 through January 28, 2020.

Ms. Espaillat underwent electrodiagnostic testing with Dr. Samuel Caruthers on October 23, 2019. Electrodiagnostic testing revealed evidence for, "Left C6, C7 radiculopathy; Left L5, S1 radiculopathy, Acute on chronic right L5, S1 radiculopathy; No peripheral neuropathy or entrapment neuropathy."

Ms. Espaillat came under the care of pain management physician, Dr. Ross Nochimson October 25, 2019. At her initial evaluation, Dr. Nochimson recommended CESI left side, caudal LESI L5-S1 left side, and to consider lumbar facet block/cervical facet block.

Ms. Espaillat came under the care of orthopaedic surgeon, Dr. Dov Berkowitz November 4, 2019. MRI's of bilateral shoulders were ordered and obtained at Pinnacle MRI Group on November 19, 2019. She was seen for follow-up on December 30, 2019. Bilateral shoulder arthroscopy was recommended.

Ms. Espaillat was seen by Dr. Nochimson on January 28, 2020 for a follow-up evaluation after left-sided lumbar epidural steroid injection, which reportedly reduced her pain and symptoms greater than 50%. Cervical epidural steroid injection was attempted but access to the cervical epidural space was not able to be achieved and the procedure was abandoned. Dr. Nochimson recommended cervical facet block on the left side and caudal lumbar epidural steroid injection on the right side.

Ms. Espaillat underwent, "Arthroscopy of the left shoulder; Extensive synovectomy; Extensive bursectomy; Lysis of thickened coracoacromial ligament; Intra Articular debridement of the rotator cuff tear and anterior labral tearing; Lysis of multiple adhesions subacromial compartment," with Dr. Nochimson on January 29, 2020 at Surgicore Surgical Center of Jersey City. She was seen for post-operative follow-up on February 5, 2020. Post-operative physical therapy and home exercises were recommended.

Ms. Espaillat presented to my office for an initial evaluation on August 3, 2020 with complaints of neck, bilateral shoulder, low back, and left knee pain related to the accident on July 11, 2019. She reported improvements with the treatment she had received thus far, however she was still experiencing constant pain in her neck and low back, worse at night and with prolonged sitting or standing. The neck pain was also worsened by movement. She reported making some progress with the left shoulder after surgery, but that it had begun to cause pain again with overhead movements. The right shoulder pain was bothering her the most. The left knee pain she reported to be aggravated by walking and stairs. Ms. Espaillat reported associated weakness and stiffness in all of these areas as well as radiating pain, numbness and tingling in the bilateral upper and lower extremities.

On physical examination of the cervical spine, there was tenderness to palpation and trigger points of left cervical paraspinal musculature. No step offs. No tenderness over the midline.

On physical examination of the left shoulder, there was tenderness to palpation over the acromioclavicular joint and the bicipital groove. Positive O'Brien's and Speed tests. Positive Neer and Hawkin's, and positive Lift Off test.

On physical examination of the right shoulder, there was tenderness to palpation over the acromioclavicular joint and the bicipital groove. Positive O'Brien's and Speed tests. Positive Neer and Hawkin's, and positive Lift Off test.

On physical examination of the lumbar spine, there was tenderness to palpation and trigger points of bilateral lumbar paraspinal musculature. There was tenderness to palpation over the left SI joint. No step offs. No tenderness over the midline.

On physical examination of the left knee, there was tenderness to palpation over the medial and lateral joint lines and over the patella tendon. Range of motion was as follows: extension 0 degrees to flexion 120 degrees. There was pain with flexion. Patellofemoral crepitus was present and there was a negative McMurray's test.

Ms. Espaillat was given a prescription to continue physical therapy. We discussed requesting authorization for intraarticular left knee and right shoulder bicipital groove steroid injections. She was scheduled to follow-up in 3 weeks to receive these injections.

Ms. Espaillat returned to my office on August 26, 2020. She was experiencing the same pain in the neck, bilateral shoulders, low back, and left knee. She did not restart physical therapy. Physical examination was unchanged.

Intraarticular left knee and right shoulder bicipital groove steroid injections were administered under ultrasound guidance to ensure proper placement. Ms. Espaillat tolerated the procedures well. She was given a prescription to restart physical therapy. Bilateral upper trap and bilateral lumbar paraspinal trigger point injections were recommended for next visit.

On September 16, 2020, Ms. Espaillat presented to my office for a follow-up evaluation. She reported a small amount of relief from the injections administered last visit. Her biggest complaint was the low back pain and pain radiating down the right leg. She reported having set up an appointment to begin physical therapy the day after this visit. Physical examination was unchanged.

Bilateral lumbar paraspinal trigger point injections were administered under ultrasound guidance to ensure proper placement. Ms. Espaillat tolerated the procedure well.

Ms. Espaillat returned to my office on September 30, 2020 for the bilateral upper trap trigger point injections. Ms. Espaillat reported moderate relief from the bilateral lumbar paraspinal trigger point injections. She had begun physical therapy and reported improvement in the left knee pain. The neck pain had remained the same. Physical examination was unchanged.

Bilateral upper trap trigger points injections were administered under ultrasound guidance to ensure proper placement. Ms. Espaillat tolerated the procedure well.

Ms. Espaillat presents today, October 28, 2020, for a follow up evaluation of neck, bilateral shoulder, low back, and left knee pain related to the motor vehicle accident that occurred on July 11, 2019. She has been attending physical therapy two times per week since last visit. She reports temporary relief from both the bilateral upper trap and bilateral lumbar paraspinal trigger points injections that were administered. However, she is currently experiencing significant pain in the neck and low back. She reports associated stiffness and weakness in the neck, low back, bilateral shoulders, and left knee. The pain is worsened by activity, including walking and stairs, and the stiffness tends to be worsened by sitting for prolonged periods. All of her pain and symptoms are also worse at night.

**PRIOR OR SUBSEQUENT ACCIDENTS/INJURIES:** Ms. Espaillat was involved in a motor vehicle accident that occurred on 4/17/2019 in which she sustained injuries to her cervical and lumbar spines. She was the seat-belted driver of her vehicle that was rear ended while slowing down in traffic. Ms. Espaillat treated with chiropractic therapy. Records indicate she was experiencing neck pain radiating into bilateral traps and numbness and tingling in the left upper extremity as well as low back pain radiating into the left hip and down the left leg to lateral aspect of left calf with numbness into toes under the left foot prior to the accident on 7/11/2019.

Ms. Espaillat has a history of lumbar microdiscectomy in 2009.

**TODAY'S PHYSICAL EXAMINATION (10/28/2020):** Physical examination of the cervical spine reveals tenderness to palpation and trigger points of bilateral cervical paraspinal musculature. Range of motion is as follows: flexion 60 degrees, extension 50 degrees, left rotation 55 degrees, right rotation 55 degrees, left lateral flexion 25 degrees, and right lateral flexion 20 degrees. All range of motion performed with pain. Neurovascular examination is intact and sensation is intact to light touch throughout bilateral upper extremities. (Normal cervical spine range of motion: flexion 60 degrees, extension 50 degrees, rotation 90 degrees, and lateral flexion 45 degrees.)

Physical examination of the left shoulder reveals tenderness to palpation over the acromioclavicular joint and the bicipital groove. Range of motion is as follows: forward flexion 125 degrees, external rotation 55 degrees, and internal rotation to L3. Positive O'Brien's and Speed tests. Positive Neer and Hawkin's tests. Positive Lift Off. (Normal range of motion of the shoulder: forward flexion 150-180 degrees, external rotation 90 degrees, internal rotation in adduction to T4-T8.)

Physical examination of the right shoulder reveals tenderness to palpation over the acromioclavicular joint and the bicipital groove. Range of motion is as follows: forward flexion 125 degrees, external rotation 45 degrees, and internal rotation to L1. Positive O'Brien's and Speed tests. Positive Neer and Hawkin's tests. Positive Lift Off. (Normal shoulder range of motion: forward flexion 150-180 degrees, external rotation 90 degrees, internal rotation in adduction to T4-T8.)

Physical examination of the lumbar spine reveals tenderness to palpation and trigger points of bilateral lumbar paraspinal musculature. Range of motion of the lumbar spine is as follows: flexion 90 degrees, extension 30 degrees, left lateral flexion 25 degrees, right lateral flexion 25 degrees, left rotation 25 degrees, and right rotation 25 degrees. Neurovascular examination is intact with sensation intact to light touch throughout bilateral lower extremities. (Normal lumbar spine range of motion: flexion 90 degrees, extension 30 degrees, rotation 30 degrees, and lateral flexion 30 degrees.)

Physical examination of the left knee reveals a mild effusion and tenderness to palpation over the medial and lateral joint lines. Range of motion is as follows: extension 0 degrees and flexion 125 degrees. There is patellofemoral crepitus. (Normal knee range of motion: extension 0 degrees and flexion 135 degrees.)

**RECORDS REVIEWED:**

1. Medical records from Scott Bensky, DC/Scott Bensky Chiropractic, LLC dated 5/21/2019 to 12/13/2019.
2. MRI of the cervical spine without contrast from Pinnacle MRI Group dated 7/12/2019.
3. MRI of the lumbar spine without contrast from Pinnacle MRI Group dated 7/12/2019.
4. Medical records from Saddle Brook Chiropractic & Physical Therapy dated 8/1/2019 to 1/28/2020.
5. Medical record from Samuel G. Caruthers, MD/North Jersey Electrodiagnostics, LLC dated 10/15/2019.
6. Electrodiagnostic testing report from Samuel G. Caruthers, MD/North Jersey Electrodiagnostics, LLC dated 10/23/2019, revealing evidence for, "Left C6, C7 radiculopathy; Left L5, S1 radiculopathy, Acute on chronic right L5, S1 radiculopathy; No peripheral neuropathy or entrapment neuropathy."
7. Medical records and reports from Ross Nochimson, DO/Highlands Interventional Pain Management LLC dated 10/25/2019 to 1/8/2020.
8. Medical records from Dov J. Berkowitz, MD/New Jersey Advanced Orthopaedics, LLC dated 11/4/2019 to 2/5/2020.
9. MRI of the left shoulder without contrast from Pinnacle MRI Group dated 11/19/2019.
10. MRI of the right shoulder without contrast from Pinnacle MRI Group dated 11/19/2019.
11. Operative report for, "Arthroscopy of the left shoulder; Extensive synovectomy; Extensive bursectomy; Lysis of thickened coracoacromial ligament; Intra Articular debridement of the rotator cuff tear and anterior labral tearing; Lysis of multiple adhesions subacromial compartment," from Dov Berkowitz, MD/Surgicore Surgical Center of Jersey City dated 1/29/2020.

**DIAGNOSTIC IMAGING:**

1. **7/12/2019— MRI CERVICAL SPINE IMPRESSION:** At C4-C5, there is a small focal central disc herniation. This is causing compression of the ventral aspect of the thecal sac. At C5-C6, there is diffuse disc bulge with a small broad-based superimposed left neural foraminal disc herniation. This causing compression of the ventral aspect of the thecal sac and a degree of left foraminal narrowing. At C6-C7, there is a small broad-based central disc herniation. This is causing compression of the ventral aspect of the thecal sac.

2. **7/12/2019— MRI LUMBAR SPINE IMPRESSION:** Mild dextroscoliosis of the lumbar spine. At L4-L5, there is a diffuse disc bulge with a small broad-based superimposed central disc herniation. This is causing compression of the ventral aspect of the thecal sac, and together with mild bilateral facet arthropathy and hypertrophy causes mild central canal stenosis and mild to moderate bilateral foraminal narrowing, right side greater than left. At L5-S1, mild endplate degenerative changes are noted. There is a diffuse disc bulge with a small to moderate-sized broad-based superimposed right central and right neural foraminal disc herniation with underlying spurring. This is causing compression of the ventral aspect of the thecal sac, and together with mild bilateral facet arthropathy and hypertrophy causes moderate right lateral recess stenosis with moderate compression of the right S1 nerve root. The right lateral recess, moderate right foraminal narrowing with moderate compression of the exiting right L5 nerve root, mild central canal stenosis and mild to moderate left foraminal narrowing.

3. **11/19/2019— MRI LEFT SHOULDER IMPRESSION:** Small partial tear involving the insertion of supraspinatus tendon. Subscapularis and infraspinatus tendinosis. Mild thickening of inferior glenohumeral ligament. Minimal fluid in subacromial, subdeltoid, subcoracoid bursae and also along bicipital tendon. Minimal synovial effusion. Mild changes of osteoarthritis in the glenohumeral joint. Mild degenerative changes in the acromioclavicular joint. Mild lateral downsloping of the acromion.

4. **11/19/2019— MRI RIGHT SHOULDER IMPRESSION:** Small partial tear involving the insertion of subscapularis tendon. Supraspinatus and infraspinatus tendinosis. Minimal thickening of inferior glenohumeral ligament. Minimal fluid in subacromial, subdeltoid, subcoracoid bursae and also along bicipital tendon. Minimal synovial effusion. Mild changes of osteoarthritis in the glenohumeral joint. Mild degenerative changes in the acromioclavicular joint, with hypertrophic spurs and subarticular marrow changes. Mild lateral downsloping of the acromion.

**DIAGNOSES:**

1. Cervicalgia with disc herniations at C4-C5, C5-C6, and C6-C7.

2. Left C6, C7 radiculopathy.

3. Lumbago with disc herniations at L4-L5 and L5-S1.

4. Bilateral lumbar radiculopathy at L5, S1.

    5. Impingement syndrome, bilateral shoulders.

    6. Chondromalacia patellae, left knee.

**SUMMARY AND CONCLUSIONS:**  Ms. Espaillat is a 68-year-old, right-hand dominant female who sustained injuries to her bilateral shoulders, left knee, and cervical and lumbar spines as the result of the motor vehicle accident that occurred on July 11, 2019.  Having the opportunity to evaluate and treat Ms. Espaillat as well as review her medical records, it is my opinion, within a reasonable degree of medical probability, that the aforementioned injuries are proximately and causally related to the July 11, 2019 accident.

Ms. Espaillat was involved in a previous motor vehicle accident on April 17, 2019 after which she treated with a chiropractor, Dr. Bensky for neck, bilateral trap, and low back pain related to that accident.  Ms. Espaillat reports significant worsening of the pain and symptoms in these areas following the July 11, 2019 motor vehicle accident.  She denies a history of bilateral shoulder joint or left knee joint pain prior to the July 11, 2019 accident.  Additionally, Ms. Espaillat has a history of lumbar microdiscectomy in 2009, however she advises that her pain resolved at that time and there was no pain in the low back up until the April 17, 2019 motor vehicle accident.  There is no imaging for comparison after the April 17, 2019 accident and prior to the July 11, 2019 accident.  However, it is within a reasonable degree of medical probability based on the patient's reports and the medical records reviewed, that the neck, bilateral trap, and low back pain and symptoms were aggravated and exacerbated by the July 11, 2019 motor vehicle accident.  It is further my opinion that all of the aforementioned injuries are both significant and permanent in nature.

All opinions are stated within a reasonable degree of medical probability.

The statements and opinions in this report are based upon history as provided by Ms. Espaillat, physical examination, and all medical records sent to my office.  If additional materials become available, an addendum may be required.

Sincerely,

Joseph M. Bellapianta, MD, FAAOS
JMB:bl

DeGRADO LAW, LLC
250 MOONACHIE ROAD, SUITE 200
MOONACHIE, NEW JERSEY 07074
(201) 678-9007

Attorneys for Plaintiff(s)

_____

**Luz Espaillat**

                Plaintiff,

v.

             Defendants.

_____

SUPERIOR COURT OF NEW JERSEY
COUNTY
LAW DIVISION

Docket No.


**CIVIL ACTION**

**CERTIFICATE OF MERIT
UNDER N.J.S.A 39:6A-8.a.**

I, Joseph Bellapianta, M.D., certify that:

    1.     I am a licensed physician as defined in N.J.S.A. 45:9-5.1.

    2.     I am the licensed treating physician to the Plaintiff, or a board certified licensed physician to whom the Plaintiff was referred by the treating physician. Any opinions set forth herein are within a reasonable degree of medical probability.

    3.     The Plaintiff, Luz Espaillat, as a result of a motor vehicle accident on **July 11, 2019** sustained the following injuries:

See findings in attached narrative report, which I incorporate by reference.

Such injuries have resulted in permanent injury. Permanent injury which means a body part or organ or both has not healed to function normally and to medical probability will not heal to function normally with further medical treatment.

    4.     This certification is based upon the following objective clinical evidence:

**MRI films, as well as physical examination and findings listed in my report and records.**

5.    Any testing referred to above is not experimental in nature or dependent entirely upon subjective patient response.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:    3/3/21

Joseph Bellapianta, M.D.

# Civil Case Information Statement (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

| For Use by Clerk's Office Only |
|---|
| Payment type: ☐ ck ☐ cg ☐ ca |
| Chg/Ck Number: |
| Amount: |
| Overpayment: |
| Batch Number: |

| | | |
|---|---|---|
| Attorney/Pro Se Name: Paul K. DeGrado, Esq. | Telephone Number: (201) 678-9007 | County of Venue: Bergen |
| Firm Name (if applicable): DeGrado Law, LLC | | Docket Number (when available): BER-L- |
| Office Address: 250 Moonachie Road, Suite 200, Moonachie, New Jersey 07074 | | Document Type: Complaint |
| | | Jury Demand ☒ Yes ☐ No |

Name of Party (e.g., John Doe, Plaintiff): Luz Espaillat, Plaintiff

Caption: Luz Espaillat v. William Ritter, Contract Freighters Inc., John Does 1-10, ABC Corps. 1-10, et al.

Case Type Number (See reverse side for listing): 603N

Are sexual abuse claims alleged? ☐ Yes ☒ No

Is this a professional malpractice case? ☐ Yes ☒ No
If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

Related Cases Pending? ☐ Yes ☒ No
If "Yes," list docket numbers

Do you anticipate adding any parties (arising out of same transaction or occurrence)? ☐ Yes ☒ No

Name of defendant's primary insurance company (if known) ☐ None ☒ Unknown

**The Information Provided on This Form Cannot be Introduced Into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship? ☐ Yes ☒ No
If "Yes," is that relationship: ☐ Employer/Employee ☐ Friend/Neighbor ☐ Other (explain) ☐ Familial ☐ Business

Does the statute governing this case provide for payment of fees by the losing party? ☐ Yes ☒ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

♿ Do you or your client need any disability accommodations? ☐ Yes ☒ No
If yes, please identify the requested accommodation

Will an interpreter be needed? ☐ Yes ☒ No
If yes, for what language?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Attorney Signature 5/21/2021

**Side 2**

# Civil Case Information Statement
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |

| | |
|---|---|
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |

| | |
|---|---|
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

### Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |

| | |
|---|---|
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

### Track IV - Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |

| | |
|---|---|
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |

### Multicounty Litigation (Track IV)

| | |
|---|---|
| 271 | Accutane/Isotretinoin |
| 274 | Risperdal/Seroquel/Zyprexa |
| 281 | Bristol-Myers Squibb Environmental |
| 282 | Fosamax |
| 285 | Stryker Trident Hip Implants |
| 286 | Levaquin |
| 289 | Reglan |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 295 | AlloDerm Regenerative Tissue Matrix |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 297 | Mirena Contraceptive Device |
| 299 | Olmesartan Medoxomil Medications/Benicar |
| 300 | Talc-Based Body Powders |

| | |
|---|---|
| 601 | Asbestos |
| 623 | Propecia |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 625 | Firefighter Hearing Loss Litigation |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 632 | HealthPlus Surgery Center |
| 633 | Prolene Hernia System Mesh |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category  ☐ Putative Class Action     ☐ Title 59     ☐ Consumer Fraud

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-003233-21

**Case Caption:** ESPAILLAT LUZ  VS RITTER WILLIAM

**Case Initiation Date:** 05/17/2021

**Attorney Name:** PAUL DEGRADO

**Firm Name:** DEGRADO LAW, LLC

**Address:** 250 MOONACHIE RD STE 200

MOONACHIE NJ 07074

**Phone:** 2016789007

**Name of Party:** PLAINTIFF : Espaillat, Luz

**Name of Defendant's Primary Insurance Company**
**(if known):** Unknown

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Luz Espaillat?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
       **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
       **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/17/2021
Dated

/s/ PAUL DEGRADO
Signed

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad St.
P.O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King, Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad St.
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk Superior Court
Local Filing Office, Courthouse
175 South Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor - Tower
56 Paterson St., P.O Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES

(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Morris County Courthouse
Civil Division
Washington and Court Sts.
P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market St.
Salem, NJ 08079
LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge St.
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES

(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second St.
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010